**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-06-753 |
| | § | |
| ELVA DOLORES RAMOS, | § | |
| | § | |
| Defendant-Movant. | § | |

## ORDER DENYING LETTER MOTION FOR REDUCED SENTENCE

Pending before the Court is a *pro se* letter motion filed by Defendant Elva Dolores Ramos ("Ramos") and received by the Clerk on November 19, 2007. (D.E. 41.) In it, Ramos explains that her current incarceration is negatively impacting her five children. In particular, they have allegedly told her that they do not want to celebrate Christmas this year because she cannot be with them. Her letter also describes her attempts at rehabilitation while incarcerated. She requests that the Court either "take a little bit of time off" of her sentence, or modify her sentence to allow her to serve the remainder of her sentence on home confinement. (D.E. 41 at 1.) She also complains that her counsel in the underlying criminal proceedings has not been responsive to recent attempts to contact him. (D.E.41 at 1-2.)

The Court construes Ramos' motion as requesting a reduction in sentence. This Court has authority to modify or correct a previously imposed sentence, however, only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim.

P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c). Ramos fails to assert grounds for modification that fall into any of the categories above. Therefore, the Court does not have authority to alter her sentence.

Moreover, while the Court can make recommendations regarding the placement and transfer of prisoners in the custody of the Bureau of Prisons, the decision of an offender's placement is ultimately a decision to be made by the BOP, in its discretion. Thus, Ramos' request for placement on home confinement is not properly addressed to this Court. Indeed, in United States v. Sneed, 63 F.3d 381 (5th Cir. 1995), the Fifth Circuit declined to address the defendant's request to be allowed to serve the remainder of his sentence on home confinement. It reasoned that:

> [S]uch requests are properly directed to the Bureau of Prisons. See 18 U.S.C. § 3624(c) (1988) (providing that Bureau of Prisons has the authority to "place a prisoner in home confinement"); see also Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 (10th Cir. 1992) ("Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period."), cert. denied, 510 U.S. 830, 114 S. Ct. 98, 126 L. Ed.2d 65 (1993).

Sneed, 63 F.3d at 389 n.6. Thus, it is the BOP's decision as to whether or not to place Ramos on home confinement, not this Court's.

Finally, to the extent that Ramos is complaining about her attorney, she has not asked for any relief from this Court. Nor has she asserted that her counsel was constitutionally ineffective for any action taken during her criminal proceedings. Nonetheless, to the extent she is attempting to assert

2

an ineffective assistance of counsel claim, the proper vehicle for doing so is a motion pursuant to 28 U.S.C. § 2255. The Court reaches no conclusions herein on the availability of such a motion to Ramos in light of her waiver of § 2255 rights (see D.E. 29 at ¶ 7), nor on the merits of any such motion.

## **CONCLUSION**

For the foregoing reasons, Ramos' letter motion to serve the remainder of her sentence on home confinement is hereby construed as a motion to reduce sentence (D.E. 41) and is DENIED. To the extent she is attempting to assert a claim of ineffective assistance of counsel, she should do so in a motion pursuant to 28 U.S.C. § 2255.

ORDERED this 28th day of November, 2007.

_____
Janis Graham Jack
United States District Judge